NORTH POCONO SCHOOL DISTRICT

v.

**NORTH POCONO EDUCATIONAL SUPPORT PERSONNEL AS-SOCIATION, Appellant.**

**North Pocono School District, Appellant**

v.

**North Pocono Educational Support Personnel Association.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 8, 2003.

Decided Nov. 7, 2003.

---

Donald P. Dolan, Scranton, for appellant.

John G. Audi, Wilkes–Barre, for appellee.

BEFORE: FRIEDMAN, Judge, and COHN, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Judge FRIEDMAN.

North Pocono School District (School District) appeals from the November 14, 2002, order of the Court of Common Pleas of Lackawanna County (trial court), which granted in part and denied in part the School District's petition to vacate an arbitration award. North Pocono Educational Support Personnel Association (Association) has filed a cross-appeal. We affirm in part and reverse in part.

The parties entered into a collective bargaining agreement (CBA) on June 28, 1999, effective July 1, 1999, through June 30, 2003. Article 6(H) of the CBA provides as follows:

*Unscheduled Closings*

Employees shall not be required to work during periods of school closings, later openings or early dismissal due to an emergency or inclement weather. *Any such loss of time due to emergency or inclement weather shall result in no loss of pay.* Essential employees, defined as maintenance staff, custodial staff, accounts payable secretary, and payroll secretary, who may be required to work during periods of inclement

weather when schools are closed or delayed in opening shall be permitted to leave upon completion of their assigned work.

(R.R. at 31a) (emphasis added).

During the 1999–2000 school year, the School District closed its schools for six days due to inclement weather. The School District did not compensate members of the bargaining unit who did not work on those days. However, the School District rescheduled two of the days and compensated the employees who worked on those days. The Association filed a grievance, alleging that the School District violated Article 6(H) of the CBA by failing to pay the employees for the six days of inclement weather.

During the 2000–2001 school year, the School District closed eight days due to inclement weather. This time, the School District compensated the members of the bargaining unit for those days. However, the School District did not pay the employees who worked on subsequent make-up days, and, moreover, the School District reduced the sick leave of employees who missed work due to illness on the make-up days. The Association filed a second grievance, alleging that the School District violated Article 6(H) of the CBA by failing to pay employees for the make-up days scheduled because of the inclement weather.

The School District denied both grievances, and the matter was submitted to an arbitrator on October 22, 2001. On March 28, 2002, the arbitrator sustained both grievances and directed the School District to compensate employees for the six days in 1999–2000 and for any make-up days caused by inclement weather in 2000–2001.

On April 24, 2001, the School District filed with the trial court a petition to vacate the arbitration award. After considering the matter, the trial court affirmed that portion of the arbitrator's decision requiring the School District to compensate employees for the six days in 1999–2000. However, the trial court reversed that portion of the arbitrator's decision requiring the School District to compensate employees for the make-up days in 2000–2001. The School District now appeals to this court, and the Association has filed a cross-appeal.

■ Our scope of review of an arbitration award, known as the "essence test," is highly circumscribed and affords broad deference to arbitrators' awards. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977). A reviewing court may not overturn an arbitrator's interpretation of the CBA if that interpretation can, in any rational way, be derived from the CBA viewed in light of its language, its context, and any other indicia of the parties' intention. *Id.* That is to say, a court will only vacate an arbitrator's award where the award indisputably and genuinely is without foundation in, or fails to logically flow from, the CBA. *State System of Higher Education (Cheyney University) v. State College University Professional Association (PSEA/NEA)*, 560 Pa. 135, 743 A.2d 405 (1999).

■ The plain language of Article 6(H) of the CBA states that employees are not required to work during periods of school closings due to inclement weather and that such loss of time "shall result in no loss of pay." In 1999–2000, the School District did not pay employees for six days of lost time due to inclement weather. The arbitrator interpreted Article 6(H) of the CBA to require that the School District pay employees for those six days. We conclude that this interpretation can be derived in a rational way from Article 6(H) of

the CBA. The employees lost six days due to inclement weather, and, under Article 6(H), the employees could not lose pay as a result of that lost time. Thus, the School District cannot prevail in its appeal.

■ In 2000–2001, the School District did not pay employees for make-up days scheduled due to inclement weather. The arbitrator interpreted Article 6(H) of the CBA to require that the School District pay employees for those days. Although the trial court concluded otherwise, we conclude that the arbitrator's interpretation can be derived in a rational way from the CBA.[1] The make-up days were caused by school closings due to inclement weather, and such loss of time "shall result in no loss of pay." Article 6(H) of the CBA. If the employees were *not* paid for the make-up days, then the employees *would* lose pay as a result of the school closings. Thus, the Association prevails in its appeal.

Accordingly, we affirm the trial court's ruling that the School District owes the employees for days closed in 1999–2000 due to inclement weather. We reverse the trial court's ruling that the School District does not owe the employees for make-up days scheduled due to inclement weather in 2000–2001.

### ORDER

AND NOW, this 7th day of November, 2003, the order of the Court of Common Pleas of Lackawanna County, dated November 14, 2002, is hereby affirm in part and reversed in part, as set forth in the foregoing opinion.

Concurring and Dissenting Opinion by Judge COHN.

Concurring and Dissenting Opinion by Judge COHN.

I agree with the majority that the trial court correctly affirmed the arbitrator's decision that the North Pocono Area School District (District) violated the collective bargaining agreement (CBA) when it failed to compensate the employees for six snow days during the 1999–2000 school year. However, I respectfully disagree with the majority's reversal of the trial court and its affirmance of the award of the arbitrator, who found that the District violated the CBA in failing to compensate the employees for eight additional make-up days for the 2000–2001 school year necessitated by closings for inclement weather, even though the employees had already been paid for the snow days. In my view, this conclusion cannot be rationally derived from the CBA.

As the majority correctly notes, decisions of arbitrators are reviewed by this Court pursuant to the "essence test." In applying that test, we must first determine if the issue is encompassed within the terms of the collective bargaining agreement. *Danville Area School District v. Danville Area Education Association*, 562 Pa. 238, 245–246, 754 A.2d 1255, 1258–1259 (2000). Second, this Court will uphold the arbitrator's award if the arbitrator's interpretation may be rationally derived from the collective bargaining agreement. *Id.* A reviewing court may not overturn an arbitrator's interpretation of a collective bargaining agreement if the interpretation can, in a rational way, be derived from the agreement in light of its language, context, and any other indicia of the parties' intention. *Community College of Beaver Coun-*

---

1. The trial court stated that the CBA is silent regarding compensation for make-up days scheduled due to school closings caused by inclement weather. However, the CBA spe-cifically states that the school closings shall result in no loss of pay, and there is no question that the make-up days are a result of the school closings.

ty v. *Community College of Beaver County Society of the Faculty (PSEA/NEA),* 473 Pa. 576, 375 A.2d 1267 (1977). Here, there is no question that the first prong of the essence test is satisfied. It is the second prong, the "rationally derived" criterion, that I believe has not been met.

Under the majority's analysis, these employees, paid by taxpayers, will be paid for *two days work, when they have worked only one day.* The CBA clearly establishes that the employees contracted to work a specific number of days, 180 or 184, for the 2000–2001 school year, depending on their particular job classifications. Article 6 of the CBA, entitled "Work Year," sets forth different job titles and the specific number of days any person employed in that position is required to work. There is absolutely nothing in that provision suggesting that employees will be paid for days they did not work. Additionally, the record is devoid of any indication elsewhere that the parties intended such a result. Rather, it is clear that the language in question, that loss of time "shall not result in loss of pay," was included so that the employees would not earn *less* than their contractual 180 or 184 days of pay. Accordingly, given the lack of support in the CBA, as well as the absence of any other indicia that the parties intended double payments, I would conclude that the arbitrator's decision was not rationally derived from the CBA and would affirm the trial court.